THE NEW JERSEY STEAMBOAT COMPANY, Appellant, *v.* THE MAYOR, ETC., OF THE CITY OF NEW YORK, Respondent.

*Court of Appeals, March* 20, 1888.

Affirming same case, 39 Hun, 657, Mem.

1. *Evidence.    General objection.*—A general objection to a question will not entitle the party making it to raise on appeal the question of the competency of the witness, or the form of the question.
2. *Same.*—An objection, too general to disclose to the judge any defect in the question, if there is any, is worthless on appeal.
3. *Same.    Inadmissible.*—A question is clearly inadmissible in substance, which submits the whole case to a witness, whose testimony exhibits neither knowledge nor information on the subject.
4. *Same.    Reopening case.*—The admissibility of a question, which reopens the case, is a matter resting within the discretion of the trial judge.
5. *Question of fact.*—Where the testimony is in conflict, and the result of the jury is satisfactory to the trial judge and to the general term, a review of the conclusion of the jury by the court of appeals will take the latter court away from the limitations which the constitution and laws have fixed for its jurisdiction.
6. *Trial.    Charge.* It is not error for the court to refuse to charge a request, whose terms involve questions of fact and not of law.

Action brought by plaintiff, as the owner and occupant of Pier 41, North River, in the city of New York, to recover damages for injuries to said pier alleged to have been caused by the scows and boats of the street cleaning department.

Appeal from a judgment of the general term of the supreme court, entered upon an order, affirming a judgment entered upon a verdict, and denying a motion to set aside the verdict and grant a new trial.

*W. P. Prentice*, for appellant.

*D. J. Dean*, for respondents.

DANFORTH. J.—The pleadings presented a question of fact as to whether the plaintiff's pier was injured by the negligence of the defendant's servants, or whether the damages sustained by it from the condition of the pier was owing to the plaintiff's neglect and omission to care for it. The verdict in favor of the defendant is conclusive unless there was error in the conduct of the trial, or in the charge under which they received the question from the trial judge.   Many errors are suggested by the appellant:

*First.*   Exceptions to evidence ; the management and conduct of the defendant's boats and the street cleaning department had been called in question by the plaintiff, and the defendant's witness, after showing his familiarity with the *locus in quo* and the boats referred to, was asked, " was the slip wide enough for the  scow to get much force in going  on the other side ? "   Plaintiff's counsel said, " objected to," and the witness answered, " no ; the men had to haul the scow under the dump ; it would not have headway enough."   It is now argued by the plaintiff that the witness was not qualified to speak as an expert, and that the question " is objectionable in form."   The objection was too general to raise these questions.   Dillon, called for the defendants, testified to the condition of the dock as exhibited in his use of it, saying, " ever since I went up to that dock we generally made our line fast to that dock to pull out our boats, and in some cases the line would give way, the pieces would break, the part that we would make it fast to, it was so bad, so rotten ; " on the cross-examination, said, " the pieces I refer to is a spile ; " and on re-direct examination, was asked, " how long did you notice this rotten condition of the Albany pier ; had you noticed the rotten condition ? "   Plaintiff's counsel

said, " objected to," and witness answered, " Yes, sir, ever since I went there ; when the spile would give way when I tied a rope to it I used rings."

The evidence called for seems relevant to the issue which provoked an inquiry as to whether the fractured condition of the bridge was owing to the defendant's trespass, or the operation of natural causes. But the objection was too general to disclose to the judge any defect in the question, if there were any.

After the plaintiff rested and the defendants had concluded their evidence, the defendant called a witness who denied certain declarations which the questions assumed had been attributed to him. The witness was also cross-examined upon that subject. Then the plaintiff's counsel asked, on re-direct examination, " how much of these repairs were necessary to repair the injury occasioned by the boats of the street dump ? " Defendant objected ; objection was sustained ; exception taken.

Clearly the question was inadmissible in substance. It submitted the whole case to the witness, whose testimony exhibited neither knowledge nor information on the subject. It was, moreover, reopening the case, a matter in the discretion of the trial judge.

*Second.* It is contended in behalf of the appellent that a verdict for the plaintiff in some amount was a necessity, and the verdict for the defendant was without evidence. This question was not raised at the trial. So far as appears the case was treated by the plaintiff as one to be disposed of by the jury upon questions of fact, and not by the court upon any question of law. The pleadings raise only questions of fact. Each issue was sustained or controverted by evidence. The judge submitted the case to the jury as one in which a verdict might be given in some view of the testimony for either party, not confining their attention to the amount of damages, upon the assumption that some recovery was necessary to be had by the plaintiffs, but giv-

ing to them for consideration the whole issue. " The plaintiff," he said, " brings the defendant into court and it is necessary for it to establish its cause of action." " The question," he added, " is purely one of fact on the evidence, for the jury to determine." If on one hand they were satisfied from the evidence that " the pier was injured by the boats of the defendants, in the manner and to the extent which has been stated by the witnesses, then it was their duty to find a verdict in favor of the plaintiff for such an amount as they thought the evidence shows to have been the damage sustained ; " on the other hand, saying to them, " if you do not find that the pier in question was injured by the boats of the defendants, and you find that it was rotten, decayed and fell away, or was broken down from the operation of natural causes, it will be your duty to find a verdict for the defendants." As there was no request by the plaintiff to withhold the case or any part or element of it from the jury, so there was no exception to either portion of the charge. Nor can we weigh and estimate the evidence for the purpose of reversing the order of the court below, which denied a new trial. The testimony conflicted. If the jury adopted that of the defendant, it relieved the defendant from the imputation of negligence and exhibited the plaintiff as the proprietor of the pier greatly decayed from the action of the elements, and to such an extent as to require repairs or reconstruction to be either safe or suitable for use. If the plaintiff's testimony tended to show that the interference of the defendant produced the condition of which the plaintiff complains, it was not uncontradicted and a review of the conclusion to the jury would take us away from the limitations which the constitution and laws have fixed for our jurisdiction. The result was satisfactory to the trial judge and to the general term. The latter by its opinion has assigned a reason for its non-interference with the verdict, which is justified by the record and in which we concur.

*Third.* There was no error in refusing to charge as requested by the plaintiff, " that it was an improper use of the pier to' moor heavy boats to the spiles, and the defendants are liable for any injury done thereby." The terms involved in this request presented questions of fact and not of law. The subject was also covered by the trial judge, when, at the request of the plaintiff's counsel, he charged " that the defendants are liable for any damages done to the plaintiff's property, by fault or negligence of their employees, and by either taking in or mooring their boats in a negligent manner;" and also, "that it was the duty of the defendants, if the pier was not a safe one to moor their boats by, to refrain from so doing, and not to tie their boats to spiles so as to break them off."

We find no error committed to the plaintiff's prejudice. Its claim that the impaired condition of the pier was due to the improper use and negligence of the defendant, has been refuted by the jury upon evidence fit for their consideration, and we do not find that they were led to that conclusion by any misdirection as to the law.

The judgment which followed their verdict should be affirmed.

All concur.